IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| RICK BEAVER, | ) | |
| | ) | |
|        Plaintiff, | ) | Case No. 06-517-KI |
| | ) | |
|   vs. | ) | OPINION AND ORDER |
| | ) | |
| NPC INTERNATIONAL, INC., a foreign | ) | |
| corporation, dba PIZZA HUT - EAST | ) | |
| SIDE, | ) | |
| | ) | |
|        Defendant. | ) | |

      Christopher A. Slater
      Slater Ross
      1850 Umpqua Bank Plaza
      One S.W. Columbia Street
      Portland, Oregon  97258

            Attorneys for Plaintiff

      Alan M. Lee
      Bullard Smith Jernstedt Wilson
      1000 S.W. Broadway, Suite 1900
      Portland, Oregon  97205

Page 1 - OPINION AND ORDER

Fredrick J. Lewis
Kristy L. Gunn
Lewis Fisher Henderson Claxton
& Mulroy, LLP
6410 Poplar Avenue, Suite 300
Memphis, TN  38119

    Attorneys for Defendant

KING, Judge:

Plaintiff Rick Beaver filed this action in the Oregon Circuit Court for Multnomah County asserting claims under state law for discrimination due to a workplace injury and retaliation for filing a workers' compensation claim.  Defendant NPC International, Inc. dba Pizza Hut-East Side removed the case to federal court based on diversity jurisdiction.  Plaintiff contends that this court lacks subject matter jurisdiction because the case does not involve the requisite amount in controversy and because 28 U.S.C. § 1445(c) precludes removal to federal court of civil actions arising under state workers' compensation laws.  Before the court is plaintiff's motion to remand.[1]

## DISCUSSION

I.    Amount in Controversy

Plaintiff alleges that the defendant violated several Oregon laws prohibiting unlawful employment discrimination: ORS 659A.040, which prohibits discrimination against a worker seeking workers' compensation benefits, ORS 659A.043, which requires reinstatement of an injured worker, and ORS 659A.046, which requires the reemployment of an injured worker who is disabled from performing the duties of his former employment.  Plaintiff's complaint prays for

---

[1] Plaintiff's motion to remand also sought attorneys fees related to the motion under 28 U.S.C. § 1447(c).  In his reply, plaintiff withdrew the request for attorneys fees.

Page 2 - OPINION AND ORDER

$12,000 in back wages and benefits, $25,000 in non-economic damages, and unspecified amounts for future lost wages and benefits and attorneys fees. In addition, the complaint expressly reserves the right to seek an unspecified sum for punitive damages. Defendant asserts in its petition for removal that, despite the fact that the sums certain stated in plaintiff's prayer total only $37,000, the total amount in controversy exceeds the $75,000 jurisdictional threshold.

A civil action brought in state court may be removed by the defendant to federal district court if the district court has original jurisdiction over the action, that is, if the action could have been brought first in the district court. 28 U.S.C. § 1441(a). The party seeking removal has the burden of establishing federal jurisdiction. Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C., 992 F.2d 932, 934 (9th Cir. 1993). In a diversity action that has been removed from state court, in which the plaintiff's complaint does not state a specific amount of damages for some or all of his claims, the defendant must prove by a preponderance of the evidence that the $75,000 amount-in-controversy requirement is satisfied. Gibson v. Chrysler Corp., 261 F.3d 927, 933 (9th Cir. 2001); Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). Courts strictly construe the removal statute against removal jurisdiction, and any doubt as to the right of removal is resolved in favor of remand. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In its response to plaintiff's motion to remand, defendant relies on estimates of the three unquantified claims asserted or reserved in plaintiff's complaint to support its contention that the amount-in-controversy requirement is met. Defendant first relies on the fact that plaintiff has prayed for attorney fees. Attorney fees may be included in determining the amount in controversy when the underlying statute authorizes an award of fees. Galt v. JSS Scandinavia, 142 F.3d 1150, 1155-56 (9th Cir. 1998). Defendant cites examples of attorneys fees awarded in

Page 3 - OPINION AND ORDER

two employment discrimination cases which defendant claims are comparable to the plaintiff's case.

This court and others have sanctioned the introduction of decisions and awards in similar cases as evidence of the amount in controversy. Harding v. United States Figure Skating Ass'n, 851 F. Supp. 1476, 1480-81 (D. Or. 1994) (the court may look to awards in similar cases to place a value on the amount in controversy); see also Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005) (district court properly considered emotional distress damage awards in similar age discrimination cases); DeAguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993) (defendants met burden of showing by preponderance of evidence that amount in controversy exceeded jurisdictional amount by showing that many of the same plaintiffs in a class action had pled damages of up to $5 million in other forums for the same injuries); Simmons v. PCR Tech., 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (jury verdicts on punitive damages in cases involving analogous facts may be used as evidence of probable punitive damages in controversy). Attorneys fee awards in employment discrimination cases arising under Oregon law are probative of the amount in controversy in this case if the cases are sufficiently similar.

Ten years ago, this court awarded attorneys fees of $43,505.07 for 455.9 hours of work in Robins v. Scholastic Book Fairs, 928 F. Supp. 1027, 1033 (D. Or. 1996). Of the latter figure, 193.8 hours represented attorneys' hours. Id. at 1033 n.10. Robins turned on a question of fact: whether defendant failed to accommodate plaintiff's blood disorder, and whether defendant fired plaintiff because of his alleged disability. Id. at 1032. The court described the case as "relatively uncomplicated" and "among the most straight-forward employment law cases that compose approximately 25% of this Court's civil docket." Id. The court found that the fees initially

Page 4 - OPINION AND ORDER

requested were excessive, and reduced the award to the figures listed above. Like the court in Robins, plaintiff in this case has asserted in his reply on the motion to remand that his attorney "does not believe the case is complex." Despite the uncomplicated nature of the Robins case, this court found a fee award based on nearly 200 hours of attorney time to be reasonable.

Furthermore, in Robins, plaintiff sought attorneys fees for work only on the plaintiff's trial. In this case, plaintiff's complaint seeks attorneys fees under ORS 20.107, which provides for the award of attorneys fees incurred at the administrative level, trial level, and on appeal to a prevailing party in a discrimination claim. Plaintiff's complaint indicates that plaintiff filed an action with the Bureau of Labor and Industries before filing his complaint in state court. As a result, plaintiff here is in a position to request attorneys fees in this case for the administrative process, as well as for the trial (and any subsequent appeals), if he should prevail.

The same attorneys who represent plaintiff here were counsel to the plaintiff in an earlier case that I remanded for failure to meet the jurisdictional threshold. McDuffy v. Interstate Distributor Co., No. 3:04-cv-01335-KI (D. Or. Jan. 4, 2005). In McDuffy, the plaintiff's complaint sought $59,000 in specified damages, plus attorneys fees. However, the defendant in McDuffy offered no evidence of the likely attorneys fees or that would provide context for evidence proffered regarding jury verdicts in similar discrimination cases. Id., slip opinion at 3-4. Accordingly, the defendant in that case failed to show by a preponderance of the evidence that the amount in controversy was above $75,000. Id. at 4. The claims in McDuffy were similar to this case: workers' compensation discrimination under ORS 659A.040 and two other discrimination claims under ORS chapter 659A. After the remand to state court, the plaintiff in McDuffy amended his complaint to increase the amount of non-economic damages, bringing the

Page 5 - OPINION AND ORDER

total specified in the complaint to $109,000. After prevailing, the plaintiff requested attorneys fees for 470.4 hours of billed time. Although plaintiff's counsel requested an award based on an hourly rate of $250.00, the circuit court judge found that $225 was a reasonable hourly rate, and awarded plaintiff $104,283.00 in attorneys fees, also reducing the award to approximately 463.4 hours of attorney time.

Based on the $225 hourly fee that the same attorneys obtained in the McDuffy fee award, it would require just under 169 hours of attorney time to reach $38,000 in fees, and only 152 hours at the rate to which plaintiff's attorneys claimed they were entitled in McDuffy. In view of the 193.8 hours this court found reasonable–at the trial level only–in the "uncomplicated" employment discrimination suit in Robins, and the 463.4 hours that the state court in McDuffy found reasonable in a case involving claims similar to this case, it is more likely than not that more than $38,000 worth of attorneys fees at the administrative and trial court levels are in controversy in this case.

Plaintiff relies on Gaus and on this court's unreported decision in McDuffy to argue that the case should be remanded because defendant has failed to prove that the amount in controversy exceeds the jurisdictional threshold. Gaus is inapposite, because in that case the removing defendant simply alleged that the matter in controversy exceeded the jurisdictional amount, while offering "no facts whatsoever to support the court's exercise of jurisdiction." Gaus, 980 F.2d at 567. Similarly, in McDuffy, the defendant opposing remand offered nothing at the time of removal to support to conclusion that attorneys fees in that case would total more than the $16,000 necessary in that case to bring the amount in controversy above the jurisdictional amount. McDuffy, No. 3:04-cv-01335-KI, slip opinion at 3. Unlike those cases,

Page 6 - OPINION AND ORDER

defendant here has met the burden of showing that, more likely than not, there are at least $38,000 in attorneys fees in controversy in this case, based on fee awards in analogous employment discrimination cases under Oregon law.

In addition to attorneys fees, plaintiff seeks front pay and benefits in an amount to be determined at trial, and expressly reserved the right to amend the complaint to assert a claim for punitive damages. Punitive damages are part of the amount in controversy in a civil claim, even if their amount is unspecified. Gibson, 261 F.3d at 945. The claim for attorneys fees, the potential claim for punitive damages, and the claim for front pay, taken together with the $37,000 in back pay and non-economic damages specifically sought in the complaint, more likely than not total an amount in controversy greater than the $75,000 jurisdictional threshold.

II.     Removability of Claims under 28 U.S.C. § 1445(c)

Oregon's workers' compensation laws are codified in ORS chapter 656. Prohibitions against discrimination based on the exercise of the right to seek worker's compensation are codified in ORS chapter 659A, along with other prohibitions on employment discrimination. Plaintiff argues that this case should be remanded because the claims arise under the Oregon workers' compensation laws, and accordingly 28 U.S.C. § 1445(c) bars their removal from state court. That statute provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c).

The Ninth Circuit and this court have no reported opinions offering guidance on whether a civil action arises under workers' compensation laws for the purpose of § 1445(c). However, other courts of appeals agree that "arising under" in § 1445(c) has the same meaning as "arising

Page 7 - OPINION AND ORDER

under" in 28 U.S.C. § 1331, which governs federal question jurisdiction. Reed v. Heil Co., 206 F.3d 1055, 1059 (11th Cir. 2000); Humphrey v. Sequentia, Inc., 58 F.3d 1238, 1245 (8th Cir. 1995); Jones v. Roadway Express, Inc., 931 F.2d 1086, 1092 (5th Cir. 1991). A claim arises under a federal law for purposes of § 1331 only if it involves a determination "'respecting the validity, construction or effect of such a law,'" and the result of the action depends on that determination. Virgin v. County of San Luis Obispo, 201 F.3d 1141, 1143 (9th Cir. 2000) (quoting Shulthis v. McDougal, 225 U.S. 561, 569-70 (1912)). For § 1445(c), a claim will arise under Oregon's worker's compensation laws only if it is necessary to interpret those laws to resolve the claim.

No determination under the workers' compensation laws is necessary to decide a claim for workers' compensation retaliation and disability discrimination under ORS chapter 659A. Parker v. Fred Meyer, Inc., 152 Or. App. 652, 655-56, 954 P.2d 1272, 1273-74 (1998). In Parker, an administrative law judge considering a workers' compensation claim reached a conclusion that claimant's evidence did not establish that he had been fired because of an injury or in retaliation for his intention to file the claim. The Oregon Court of Appeals held that this conclusion did not have preclusive effect on the plaintiff's subsequent suit for workers' compensation retaliation and disability discrimination under code sections now found in ORS chapter 659A. Id. The court found that the administrative law judge's conclusion was not essential to the determination of the two issues before her under the workers' compensation law, which were whether plaintiff had suffered a compensable injury and whether the employer was subject to penalties for unreasonably denying the claim. Id. at 656, 954 P.2d at 1274. The court noted that "an employer may be motivated to fire a worker because the worker intends to file a

valid claim or because the worker intends to file an invalid claim. Either action would violate [§ 659A.109]." Because a construction of the workers' compensation laws codified in ORS chapter 656 is not essential for determining the validity of discrimination claims brought under ORS chapter 659A, those discrimination claims are not ones "arising under" the Oregon workers' compensation laws for purposes of 28 U.S.C. § 1445(c).

This result is also evident from the purpose of Oregon's workers' compensation laws and 28 U.S.C. § 1445(c). Oregon enacted its first workers' compensation law in 1913 to provide automatic compensation for workplace injury, an employer-supplied accident fund, and a state commission to act as insurer, administrator, and quasi-adjudicator of on-the-job injuries. <u>Koskela v. Willamette Indus., Inc.</u>, 159 Or. App. 229, 261, 978 P.2d 1018, 1036 (1999) (Wollheim, J., dissenting), <u>rev'd on other grounds</u>, 331 Or. 362, 15 P.3d 548 (2000). The objectives of the workers's compensation law are to provide prompt and complete medical treatment for injured workers, fair income benefits to those workers, a just administrative system to deliver those benefits, and to restore the injured worker physically and economically to a self-sufficient status in an expeditious manner. ORS 656.012(2). The purpose of the laws in ORS chapter 656 is to provide a mechanism for compensation of workplace injuries. By contrast, the purpose of ORS chapter 659A, under which all claims in this case are brought, is to prevent "discrimination of any kind" in employment. ORS 659A.003. In light of the distinct purposes of the two statutory chapters, claims seeking redress for workplace injuries arise under the workers' compensation laws in ORS chapter 656, while claims alleging discrimination for exercising the rights outlined in ORS chapter 656 arise under ORS chapter 659A.

Among the policy rationales underlying 28 U.S.C. § 1445(c) were a congressional concern for the states' interest in administering their own workers' compensation schemes and a concern that workers' compensation claims had increased the workload of the federal courts. Vasquez v. North County Transit Dist., 292 F.3d 1049, 1061 n.6 (9th Cir. 2002). Neither of these concerns is implicated by the removal of an action in which the claims stated are based on state employment discrimination law, where the federal court will not be required to construe or enforce the Oregon workers' compensation statute. Because the construction of Oregon's workers' compensation statute will not be an issue in deciding the claims for discriminatory discharge or whether or not reinstatement or reemployment are required, the claims at issue in this case do not arise under the Oregon workers' compensation laws. Accordingly, 28 U.S.C. § 1445(c) does not bar their removal to this court.

## CONCLUSION

For the foregoing reasons, plaintiff's Motion to Remand (#5) is denied.

IT IS SO ORDERED.

Dated this   21st   day of July, 2006.

    /s/ Garr M. King
Garr M. King
United States District Judge